## (December 20, 1962)

■ TOMASA DIAZ, Respondent, v. SURFACE TRANSPORTATION, INC., et al., Appellants.

*Per Curiam.* This action for personal injuries resulted from a collision between a bus in which plaintiff was a passenger and a private automobile. While it is difficult to see how both of the defendants could be at fault in producing the fall which caused plaintiff's injuries, it is possible for the jury to have found a state of facts which justified their holding both responsible and, accordingly, we do not disturb the verdict as it affects liability.

Plaintiff did not serve a copy of her doctor's report as required by rule XXI of the Bronx County Supreme Court Rules. According to that rule, the court should not have heard the testimony of Dr. Kamer, a physician called by the plaintiff, " unless the judge presiding at the trial in the interests of justice and upon a showing of good cause shall hold otherwise (subd. 8) ". Here the question was raised on timely objection. The court thereupon called a consultation in chambers. What transpired was not recorded, and it in no way appears in the record. This precludes the possibility of reviewing the question of whether good cause was shown and is not good practice. Even though the jury might well be excluded while the question was litigated, nevertheless, the arguments advanced and the proof in support of them should be available ·for review. Otherwise the plaintiff could be held not to have established good cause for her failure to serve the report. However, in view of the fact that the procedure has not been the subject of prior decision, we are inclined in this case to look to surrounding facts from which we may draw conclusions on the subject. It is unlikely, however, that, should we find a subsequent record to be similarly at fault, we will search it to reach a similar result. The doctor here was neither a personal physician who treated the plaintiff nor an expert retained by her. He was a staff member of a hospital and treated her as such. Plaintiff did supply a resume of the hospital record, claiming that the original record had been lost. Assuming this claim to be true, a plausible showing of good cause might well have been established.

The verdict was, however, grossly excessive. Not only did the plaintiff exaggerate her injuries, she inflated her earnings to a point where her testimony was demonstrably false. We believe that $3,500 is adequate compensation for the injuries that plaintiff suffered.

The judgment should be vacated and a new trial granted, with costs, unless plaintiff stipulates to reduce the verdict to $3,500, in which event the judgment is affirmed, with costs to appellant.

Breitel, J. P., Valente, McNally, Stevens and Steuer, JJ., concur.

Judgment unanimously vacated and a new trial granted, with costs to appellants, unless plaintiff stipulates to reduce the verdict to $3,500, in which event the judgment is affirmed, with costs to appellants. Settle order on notice.